**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DETRAYOUS D. CURRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00046-MTS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Detrayous D. Curry has filed a signed Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on a court form. He states he challenges the judgment of conviction entered in *United States v. Curry*, No. 1:24-cr-00092-MTS (E.D. Mo. Jul. 9, 2024), and he identifies 4 grounds for relief. The Court has reviewed the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and finds it must be dismissed without prejudice as premature.

**I.  Facts and Background**

On November 21, 2024, Curry pleaded guilty to four counts of distribution of methamphetamine and one count of felon in possession of a firearm. On February 21, 2025, the Court sentenced him to serve a total of 200 months' imprisonment, to be followed by 4 years of supervised release. On March 6, 2025, Curry filed a notice of appeal in the United States Court of Appeals for the Eighth Circuit. As of the date of this order, that appeal remains pending. *See United States v. Curry*, No. 25-1482 (8th Cir. Mar. 6, 2025).

## II. Legal Standard

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, after a preliminary review by the Court, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Ordinarily, one cannot seek relief under 28 U.S.C. § 2255 while an appeal from the judgment of conviction is pending. *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965). *See also Haynes v. Harris*, 344 F.2d 463, 466 (8th Cir. 1965) (explaining that when movant filed his § 2255 motion, his direct appeal was "presently pending before the Court of Appeals," and thus he was "not entitled to habeas corpus"). When a movant files a § 2255 motion while the direct appeal is pending, it is proper to dismiss the motion as prematurely filed. *See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992) ("Because [movant] filed this [§ 2255] motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed"). Such dismissal should be without prejudice. *See Blade v. United States*, 266 F. App'x. 499, 499 (8th Cir. 2008) ("While his direct appeal was pending, [movant] filed a 28 U.S.C. § 2255 motion ... which was dismissed by the district court as being prematurely filed. This court summarily affirmed the dismissal but amended the dismissal to be without prejudice").

An exception exists for cases involving "extraordinary circumstances." *See United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) ("[A] district court should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstances"); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("[W]e now adopt the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from

considering a § 2255 application for relief during the pendency of the applicant's direct appeal"). *See also* Adv. Comm. Notes to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts (stating "that the orderly administration of criminal law precludes considering ... a [§ 2255] motion [during direct appeal] absent extraordinary circumstances"). When determining whether extraordinary circumstances exist, courts evaluate the need for speedy relief against the need to conserve judicial resources. *Brown v. United States*, 2022 WL 2290453, at *1 (E.D. Mo. 2022) (quoting *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979)).

## III.  Discussion

Here, Curry has filed a § 2255 motion to attack his sentence during the pendency of the direct appeal of that same sentence.  Therefore, this action is premature and subject to dismissal unless extraordinary circumstances exist.  The Court has reviewed the record and Curry's amended motion to vacate, and finds Curry has not set forth extraordinary circumstances warranting review of his § 2255 motion while his direct appeal is pending.  The Court will therefore dismiss this action, without prejudice.  Curry may reinitiate § 2255 proceedings by filing a new § 2255 motion in accordance with the Antiterrorism and Effective Death Penalty Act of 1996 after his judgment of conviction becomes final.

The Court has considered whether to grant a certificate of appealability. When a district court denies a § 2255 motion on procedural grounds, as here, it should grant a certificate of appealability only if the movant can show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court's procedural ruling was correct. *Jimenez v. Quarterman*, 555 U.S. 113, 118 n. 3 (2009) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, Curry provides no basis for the Court to issue a certificate of appealability. Therefore, the Court will not issue one.

Accordingly,

**IT IS HEREBY ORDERED** that Detrayous D. Curry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice. A separate order of dismissal without prejudice will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 9th day of April 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE